United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Mohammed Murshed Ahmed,
Jamila Begum Ahmed,　　　　　　　　　　　　　　Case No. 12-42139-R
　　　　　　Debtors.　　　　　　　　　　　　　　Chapter 7
_____/

Carpet Seasons, LLC,
　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 12-05637

Mohammed Murshed Ahmed, and
Jamila Begum Ahmed,
　　　　　　Defendants.
_____/

Opinion Granting Plaintiff's Motion for Summary Judgment

On November 14, 2012, Carpet Seasons, LLC, filed a motion for summary judgment. Defendants/Debtors Mohammed Murshed Ahmed and Jamila Begum Ahmed filed a response on November 26, 2012. The Court finds that it would not be aided by oral argument on this matter. For the reasons stated herein, Carpet Seasons's Motion for Summary Judgment is granted on the basis of collateral estoppel.

I.

Prior to the filing of the Ahmeds' bankruptcy petition, the parties litigated their dispute in the Macomb County Circuit Court. In the state court action, the Ahmeds filed a complaint against Carpet Seasons alleging breach of contract for certain restoration work and for assault by the owner of Carpet Seasons. Carpet Seasons filed a counter-complaint alleging breach of contract, unjust enrichment, account stated and conversion. Carpet Seasons also sought treble damages and

attorney's fees for the Ahmeds' frivolous lawsuit. Carpet Seasons filed a motion for summary disposition on its counter-complaint. The Ahmeds did not respond or appear at the hearing on the motion for summary disposition.

On June 6, 2011, The Macomb County Circuit Court entered judgment in favor of Carpet Seasons and against the Ahmeds in the following amounts: $62,149 on Carpet Seasons's claim for conversion, $85,234.37 on Carpet Seasons's claim for breach of contract, $22,560.48 on Carpet Seasons's claim for unjust enrichment, and $22,560.48 on Carpet Seasons's claim for account stated. The Ahmeds filed a motion to set aside the judgment asserting that they did not have notice of the motion or hearing, however, the Macomb County Circuit Court denied the motion.

## II.

> Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.*, 800 F. Supp. 547, 549-50 (E.D. Mich. 1992).

## III.

> The doctrine of collateral estoppel "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992); *accord Parklane Hosiery Co. v. Shore*, 439 U.S.

2

> 322, 336 n. 23, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979) ("[T]he whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed."); *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed . 2d 210 (1979).
>
> Collateral estoppel will apply where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in state court. 28 U.S.C.A §§ 1738 (West 1994); *see also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 84 L. Ed.2d 274 (1985) (noting that §§ 1738 "directs a federal court to refer to the preclusion law of the State in which the judgment was rendered"); *Haring v. Prosise,* 462 U.S. 306, 312-14, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983).
>
> Under Michigan law, collateral estoppel precludes the relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was actually litigated and necessarily determined. *See People v. Gates*, 434 Mich. 146, 452 N.W. 2d 627, 630 (Mich. 1990); *see also United States v. Three Tracts of Property Located on Beaver Creek*, 994 F.2d 287, 290 (6th Cir. 1993). An issue is actually litigated if it is put into issue by the pleadings, submitted to the trier of fact, and determined by the trier of fact. *See Latimer v. Mueller & Son, Inc.*, 149 Mich. App. 620, 386 N.W. 2d 618, 627 (Mich. Ct. App. 1986). An issue is necessarily determined if it is essential to the judgment. *Gates*, 452 N.W.2d at 631.

*Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 461-62 (6th Cir. 1999) (footnote omitted).

The question of whether a default judgment entered by a Michigan State Court should be given preclusive effect has not been definitively answered by either the Michigan Supreme Court or the Sixth Circuit Court of Appeals. Bankruptcy Courts in the Sixth Circuit have split regarding this issue. *See McCullum v. Pixley* (*In re Pixley*), 456 B.R. 770 (Bankr. E.D. Mich. 2011). The Bankruptcy Appellate Panel for the Sixth Circuit has examined the issue in *Phillips v. Weissert* (*In re Phillips* ), 434 B.R. 475, 485 (B.A.P. 6th Cir. 2010).

The Court incorporates its reasoning as stated in the concurring opinion in *Phillips* and finds

3

that the Michigan Supreme Court would give collateral estoppel effect to the Macomb County Circuit Court judgment. Accordingly, the parties are precluded from re-litigating issues already decided by the Macomb County Circuit Court.[1]

IV.

Section 523(a)(6) of the Bankruptcy Code provides:

> (a) A discharge under . . . this title . . . does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

The case law addressing § 523(a)(6) has concluded:

> "Willful" is defined as "deliberate or intentional." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 n. 3, 118 S. Ct. 974, 140 L. Ed.2d 90 (1998). "Malicious" is defined as "in conscious disregard of one's duties or without just cause or excuse." *Gonzalez v. Moffitt* (*In re Moffitt*), 252 B.R. 916, 923 (B.A.P. 6th Cir. 2000); *Monsanto Co. v. Trantham* (*In re Trantham*), 304 B.R. 298, 308 (B.A.P. 6th Cir. 2004).
>
> This exception to discharge requires a deliberate or intentional injury, rather than a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. at 61, 118 S. Ct. 974. "[U]nless 'the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under Section 523(a)(6)." *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 464 (6th Cir.1999) (internal citations omitted). Thus, to demonstrate that a debt resulted from a "willful and malicious" injury, the plaintiff must establish that the defendant either (1) intended to cause the injury, or (2) engaged in an intentional act from which she believed injury would be substantially certain to result. *In re Markowitz*, 190 F.3d at 464; *In re Moffitt*, 252 B.R. at 921–2.

*Qui v. Zhou* (*In re Zhou*), 331 B.R. 274, 276 (Bankr. E.D. Mich. 2005).

---

[1] The Court would further note that the judgment in the present case is not a "true" default in that the Ahmeds did participate in the Macomb County Circuit Court action.

The Macomb County Circuit Court judgment makes several findings of fact including that the Ahmeds never paid the amounts due to Carpet Seasons, that the Ahmeds falsely accused Carpet Seasons and that the Ahmeds "took these actions deliberately and intentionally, with a conscious disregard of their duties to Carpet Seasons, without just cause or excuse, deliberately intending to cause injury to Carpet Seasons."

The Court concludes that the Macomb County Circuit Court judgment specifically found that the Ahmeds willfully and deliberately injured Carpet Seasons in the amount of $192,505.13. The Ahmeds are precluded from re-litigating the amount of the debt and the issue of their intent. Accordingly, the debt owed by the Ahmeds to Carpet Seasons is nondischargeable pursuant to § 523(a)(6).

Not for publication.

**Signed on January 30, 2013**

                                                                               /s/ Steven Rhodes
                                                                               **Steven Rhodes**
                                                                               **United States Bankruptcy Judge**